IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:15-CR-103 |
| v. | ) |
| | ) OPPOSITION TO MOTION FOR |
| JESSE R. BENTON, | ) PROTECTIVE ORDER |
| JOHN M. TATE, and | ) |
| DIMITRIOS N. KESARI, | ) |
| | ) |
| Defendants. | ) |

Defendants Jesse R. Benton, John M. Tate and Dimitrios Kesari, (collectively "Defendants"), respectfully submit this Opposition to the government's Motion for a Protective Order restricting their access to certain discovery information because the proposed language is unduly burdensome on the defense in preparation of trial, particularly given the short timeframe between disclosure and trial. Moreover, Defendants object to this language as an undue intrusion into their Sixth Amendment right to counsel. The government offers no authority or valid justification for attempting to dictate how counsel and their clients can prepare for trial. The proposed language, among other things, would deprive counsel of the ability to allow their clients to review and reflect on material, while taking notes on particular pieces, without counsel hovering or without being able to take advantage of doing so while counsel is unavailable to supervise.

Initially, and importantly, the Defendants are not located in the same cities as their counsel, which creates a practical problem with the government's proposed language. For example, Mr. Benton resides in Louisville, Kentucky while his counsel is in Washington, D.C. and the trial will be in Des Moines, Iowa. There is no feasible way for Mr. Benton to assist his counsel in preparation for trial absent regular, unfettered access to all of the discovery materials

considering the distance between his counsel and him. The distance between the parties and volume of materials will make it impossible to prepare with the government dictating preparation methodology.

The government also has not even come close to showing "good cause" as required under Federal Rule of Criminal Procedure 16(d)(1). Dkt. 33 at 2. The government alleges that their concern about disclosure of certain discovery materials stems from its claim that the Defendants were willing to leak "sensitive documents" regarding the employment of Kent Sorenson by the 2012 Ron Paul Presidential Campaign ("2012 RP Campaign"). *Id.* However, this is a complete mischaracterization of the materials. The document the government is referring to is an email written by Mr. Benton to other staff members of the 2012 RP Campaign wherein Mr. Benton threatened to expose Mr. Sorenson, believing that Mr. Sorenson was trying to blackmail the 2012 RP Campaign, if Mr. Sorenson did not make up his mind on whether to commit to the Ron Paul Campaign. Mr. Benton, as part of his duties in 2012, spoke to the press regularly, and he was referring to his regularly scheduled media interviews when he spoke of "exposing" Mr. Sorenson. However, the alleged "threat" was a knee-jerk, emotional reaction. The email responses to Mr. Benton clearly show that he was upset about the situation, particularly because a press statement regarding Mr. Sorenson's employment had already been given to the press (with Mr. Sorenson's approval). But most importantly, there was no leak – and the government could not point to one.

Moreover, none of these email exchanges, to which the government point and which at best reflect negotiation about employment terms, are sensitive or confidential. Nothing in the emails themselves state that the parties expected any type of confidentiality, nor has the

government shown why these particular documents are "sensitive" – particularly given they are the Defendants own statements and words.

The government has described the information they now seek to restrict as "particularly sensitive." However, this is their own self-serving assessment. They provide not one fact about what is in the materials that makes the grand jury information or the law enforcement interviews sensitive. The government simply states that the information was gathered in law enforcement settings or "secret proceedings." There is not one reference to the actual information they seek to restrict. For example, there are no confidential informants, no witness is said to be in danger and nothing is said to be classified material. There is absolutely no showing that any of these materials are at all sensitive. The government's own assessment is clearly inadequate under Rule 16(d)(1).

The government, in defending its proposed discovery limitation, has indicated to Defense counsel that this provision is needed because the Public Integrity Section has had the experience of these materials being leaked to the press by third parties and the blame being placed back on Public Integrity for the leak. However, the potential of a leak (however remote), is not sufficient to restrict the Defendants access to materials essential to their defense. And unfounded accusations against Messrs. Benton, Tate and Kesari cannot be a basis to intrude on their Constitutional Right to Counsel. Some unfounded concern about the Public Integrity Section's reputation cannot trump the Constitutional Rights of Defendants.

Should the Court determine that certain discovery materials require additional protection from public disclosure, Defendants propose that the current Paragraph 5 of the Discovery Order entered by this Court is more than adequate to achieve the government's desired goal. In addition, defense counsel are cognizant of Local Criminal Rule 57(c), particularly Rule

57(c)(1)(D) regarding testimony, and have also instructed their clients about this provision (even though it does not explicitly apply to them), instructing them that materials received from the government and reviewed for trial are not to be used outside the current proceeding.

The Defendants are competent, responsible citizens fully capable of abiding by the rules and orders of this Court. The protective order proposed by the government is unduly burdensome and not necessary in the instant case.

Accordingly Defendants oppose the government's motion for a protective order.

Dated: August 14, 2015

Respectfully Submitted by,

*/s/Roscoe C. Howard, Jr.*
Roscoe C. Howard, Jr.
Meena T. Sinfelt
Barnes & Thornburg, LLP
1717 Pennsylvania Avenue, NW, Suite 500
Washington, D.C. 20006-4623
(202) 371-6378

*Attorneys for Jesse R. Benton*

Laurin Mills
David Warrington
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5903 Direct

*Attorneys for John Tate*

Jesse Binnall
Susannah Smith
Harvey & Binnall PLLC
717 King Street
Suite 300
Alexandria, VA 22314

*Attorneys for Dimitri Kesari*

## CERTIFICATE OF SERVICE

I, Roscoe C. Howard, Jr. hereby certify that a true and correct copy of *the Defendants Opposition to the Government's Motion for a Protective Order* has been served on all counsel of record via ECF.

>*/s/Roscoe C. Howard, Jr.*
>Roscoe C. Howard, Jr.

Dated: August 14, 2015