IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JESSE R. BENTON,<br>JOHN M. TATE, and<br>DIMITRIOS N. KESARI, | Criminal No.: 4:15-CR-103<br><br>**GOOGLE INC.'S RESISTANCE TO GOVERNMENT'S MOTION TO COMPEL IMMEDIATE PRODUCTION AND TO SHOW CAUSE WHY GOOGLE, INC., SHOULD NOT BE HELD IN CONTEMPT** |

## I.  INTRODUCTION

Google received a search warrant issued pursuant to the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, seeking the content of Defendant Jesse Benton's email account. The warrant was not accompanied by a non-disclosure order, and after the Government indicated it had no objection or plans to obtain such an order, Google notified Mr. Benton that it had received legal process regarding his account, as is Google's policy. Mr. Benton filed a motion to quash the warrant, as the SCA permits him to do and as Google itself has done before. This Court denied Mr. Benton's motion, but Mr. Benton plans to appeal the Court's finding and has asked the Court for an order staying Google's compliance with the warrant pending his appeal.

The Government now seeks to shortcut that process with this Motion to Compel. The Government also asks this Court to hold Google in contempt simply for allowing these court proceedings—proceedings expressly authorized by the SCA—to play out unimpeded. The Court should deny the Government's Motion in its entirety and Google should not be compelled to produce the user's private email pending his appeal.

## II. FACTUAL BACKGROUND

On July 24, 2014, Magistrate Judge Thomas Shields issued a warrant for a search of the email account ▊▊▊▊▊▊▊▊▊▊▊▊▊▊.

On July 25, 2014, the government served the warrant on Google Inc. The warrant was not accompanied by a nondisclosure order issued pursuant to 18 U.S.C. § 2705(b). Google informed the Government of its policy to provide notice to the user unless the government obtains a § 2705(b) order. *See* Ex. B to the Declaration of John Tyler ("Tyler Decl."). FBI Special Agent Karen LoStracco responded that "we do not have an objection to the users being notified for the following email accounts for which warrants were issued to Google on 7/25/2014," one of which is Mr. Benton's account. *Id*. Accordingly, after collecting and preserving responsive information (preservation ensures the user cannot tamper with the evidence after notice), Google notified Mr. Benton on August 18, 2014, that it had received legal process regarding his account. *See In re Search of Electronic Communications In the Account* ▊▊▊▊▊▊▊▊▊▊▊▊▊▊, Case No. 4:14-mc-00036, Dkt. No. 1 ("Motion to Quash"), at 6.

On September 2, 2014, counsel for Jesse Benton filed a motion to quash the Warrant. *Id*.

On September 12, 2015, the Government filed its response to Mr. Benton's Motion to Quash. *Id*., Dkt. No. 7. The Government omitted from its response that Special Agent LoStracco consented to notification of the user by Google. *Id*., Dkt. No. 7 at 3, n. 2. ("At the time the warrant was issued, the Court delayed notification of the account holder (that is the movant, Mr. Benton) by the Government under 18 U.S.C. §§ 3103(a) and 2705 for 30 days. Nevertheless, sometime before September 2, Google, Inc. notified Mr. Benton of the issuance of the warrant."). To be clear, Google did nothing wrong in providing notice to the user, as the government consented to notice and decided not to obtain a § 2705(b) nondisclosure order.

On August 6, 2015, the Government filed a Motion to Unseal the search warrant proceedings. The Motion contained a detailed discussion by the Government of Agent LoStracco's communications with Google, yet again the Government omitted information about how Mr. Benton learned of the warrant. Case No. 4:14-mc-00036, Dkt. No. 17 at 2 ("On August 7, 2014, Special Agent LoStracco was contacted by a representative from Google's Legal Support Center who requested more time for Google to comply with the warrant. Special Agent LoStracco granted that request. On August 29, 2014, Special Agent LoStracco was contacted by counsel for Google who told the special agent that an attorney representing Mr. Benton had advised Google that Mr. Benton intended to object to enforcement of the warrant. (Counsel for Google did not explain how Mr. Benton became aware of the warrant in light of the Court's authorization of delayed disclosure.)." The Government also notes that it "may request a continuance of the October 5 trial date." *Id*. at 5.

On August 10, 2015, the Court issued an order denying Mr. Benton's motion to quash. Case No. 4:14-mc-00036, Dkt. No. 19. The Court's order contains a footnote stating, "[t]he Record does not establish how Benton's counsel became aware of the warrant given the Court's authorization of delayed notification." *Id*. at 1, n. 1. As described above, Mr. Benton's counsel became aware of the warrant after Google notified the government that it must obtain a § 2705(b) nondisclosure order in order to place a gag order on Google, which is distinct from an order permitting <u>the government</u> to delay its own notice obligations. The government instead opted to consent to user notice rather than obtain a § 2705(b) nondisclosure order.

On August 11, 2015, the government contacted counsel for Google by voicemail, seeking immediate production of the content of the user's account and stating that a motion to stay filed

by either Mr. Benton or Google would forestall any motion to compel. Tyler Decl., ¶¶ 3-4 & Ex. A.

On August 12, 2015, Mr. Benton filed a Motion for Temporary Relief from Order Denying Motion to Quash Search Warrant, in which he states his intent "to promptly seek review of Magistrate Judge Adams' Order denying his motion pursuant to Federal Rule of Criminal Procedure 59 based on lack of probable cause." *See* Case No. 4:14-mc-00036, Dkt. No. 22, at 3. Accordingly, Mr. Benton requests "immediate relief from this Court staying the execution of the search warrant (and performance by Google) until after this Court has ruled on Mr. Benton's appeal." *Id*.

That same day, Google sent a letter to the Government confirming that Mr. Benton's motion forestalled any motion for contempt. Tyler Decl., Ex. B. Google also asked the Government to correct the record with regard to Google's notice to Mr. Benton. *Id*.

Notwithstanding the Government's prior contrary representations to Google and Mr. Benton's pending Motion for Temporary Relief, on August 13, 2015, the government filed the instant motion to compel immediate production from Google. Google now files this response, opposing the Government's motion and further correcting the record with respect to the government's decision to consent to user notice rather than obtain a § 2705(b) nondisclosure order directed to Google.

### III. ARGUMENT

**A. The Motion to Compel Should be Denied so that Mr. Benton Can Pursue His Appeal.**

Mr. Benton has 14 days from service of this Court's August 10th order in which to seek review from the District Court. *See* Fed. R. Cr. P. 59. If Google must comply with the Warrant before Mr. Benton's appeal is even filed, much less resolved, the government will have obtained

the very information that Mr. Benton seeks to protect and his appeal may be rendered moot. *See Maness v. Meyers*, 419 U.S. 449, 460 (1975) ("Compliance could cause irreparable injury because appellate courts cannot always 'unring the bell' once the information has been released."); *In re Grand Jury Proceedings*, 601 F.2d 162, 169 (5th Cir. 1979) (*Maness* rule applies to pre-trial proceedings and surrender of constitutional rights).

It is for this obvious reason that Mr. Benton filed his pending Motion for Temporary Relief from Order Denying Motion to Quash Search Warrant. Mr. Benton will suffer irreparable harm if his constitutional claims are rendered moot before they can even be heard. *See Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 867 (8th Cir. 1977) (infringement of constitutional rights supports a finding of irreparable harm); *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1135-36 (D. Minn. 2007) (violation of Fourth Amendment rights constituted irreparable harm). Conversely, the harm to the Government is minimal, particularly in light of its interest in obtaining a continuance of the October 5, 2015 trial date. *See* Case No. 4:14-mc-00036, Dkt. No. 17 at 5. Google therefore respectfully requests that the Court deny the government's motion to compel, and grant Mr. Benton's request for a temporary order staying the execution of the Warrant until the Court has had the opportunity to hear Mr. Benton's appeal.

**B.      Google Should Not Be Held in Contempt.**

"Because the contempt power is a substantial one, it should be used sparingly and not be lightly invoked." *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989). Contempt does not lie when the underlying order is invalid. *Heasley v. United States*, 312 F.2d 641, 649 (8th Cir. 1963) (invalid order "cannot be the premise of punishment for contempt by [the] courts.").

The proceedings in this matter have focused solely on whether the warrant at issue is valid.[1] Google has acted in good faith by awaiting the Court's ruling on these issues before fulfilling the warrant. The government has not sought to hold Google in contempt over the course of the past year while these issues were litigated, nor should it have done so. Mr. Benton's forthcoming appeal to the district court will also focus on the issue of the warrant's validity, and will presumably be resolved on an expedited basis given the impending trial. Accordingly, Google cannot be held in contempt simply for allowing Mr. Benton to exercise his appellate rights and awaiting the district court's ruling on the warrant's validity.

C.       **Google Lawfully Notified Mr. Benton of the Warrant.**

As described above, not only did Google have no obligation to refrain from notifying Mr. Benton of the search warrant, but the Government in fact gave Google permission to do so.

Section 2705(b) of the Stored Communications Act permits the government to obtain a court order "commanding a provider of electronic communications service or remote computing service to whom a warrant . . . is directed, for such period as the court deems appropriate, not to

---

[1] The Government contends that the entire Motion to Quash proceeding is invalid because there is no permissible basis for a pre-execution objection to a search warrant. Motion at 5 (Arguing that "defendant Benton still has not cited a single case from any court "quashing" any manner of search warrant issued by a court of competent jurisdiction, whether for physical property or electronic data" because "no such case exists.") This is an overstatement, particularly with respect to warrants issued under the Stored Communications Act, 18 U.S.C. § 2703(a), as this warrant was. *See, e.g., In re Search of Google Email Accounts*, __ F. Supp. 3d __ , 2015 WL 1650879 at *2 (D. Alaska 2015) (granting Google's pre-execution motion to quash or amend a search warrant, noting that "the Stored Communications Act authorizes a court, upon motion by a service provider such as Google, to modify the terms of a search warrant ex ante if compliance with the warrant would be unduly burdensome.") Conversely, Mr. Benton contends that the warrant should be modified to force *Google* to review his emails for relevance on the Government's behalf. Case No. 4:14-mc-00036, Dkt. No.1 at 8 (asking the court to order "Google to perform a narrowly tailored search and provide only those documents described in the warrant.") Google is sensitive to Mr. Benton's concerns with respect to overbreadth, but forcing Google to review the content of emails for relevancy is of course not a reasonable or permissible solution. *Id*. at *3 (amending warrant to Google, noting that "Google is not equipped to determine whether particular content reflects innocent behavior or is evidence of criminal behavior" and "should not be burdened with duplicating efforts that ultimately will be repeated by law enforcement once content is disclosed.") Google would thus move to quash the warrant if so modified, as it is permitted to do and has done before. *Id*. Moreover, there are alternatives to any such procedure including the use of a special master to review the ultimate production.

notify any other person of the existence of the warrant . . . " 18 U.S.C. § 2705(b).[2]  Under § 2705(b), the court may only issue an order if "it determines that there is reason to believe that notification of the existence of the warrant . . . will result in" one of an enumerated list of "adverse results."[3]  The Government obtained no such order in this case, which is unsurprising as the facts did not support the existence of an "adverse result" necessary to obtain a § 2705(b) order (or for that matter, to delay notice under 18 U.S.C. § 2705(a)).  There is no suggestion of a serious risk to anyone's life or safety.  Mr. Benton was already aware of the investigation and indeed had already received a grand jury subpoena to testify and produce the very same documents at issue, so there was no risk of flight from prosecution or intimidation of potential witnesses.  The Government sent Google numerous preservation requests pursuant to 18 U.S.C. § 2703(f) regarding Mr. Benton's account, and as indicated in Google's correspondence with Agent LoStracco, Google had already compiled responsive records prior to giving notice, so there was no risk of evidence tampering or serious jeopardy to an investigation.  Accordingly, the Government decided not to obtain a § 2705(b) order and instead permitted Google to provide notice to its user regarding the warrant.

## IV. CONCLUSION

For the reasons stated, the Government's motion should be denied.

---

[2] The delayed notice provisions of 18 U.SC. § 2705(a) and 3103(a), respectively, do not apply to Google; they simply permit the Government to delay notification otherwise required by law.  To preclude *Google* from giving notice, the Government must obtain a § 2705(b) order directed to Google.

[3] These "adverse results" include: "endangering the life or physical safety of an individual; flight from prosecution; destruction of or tampering with evidence; intimidation of potential witnesses; or otherwise seriously jeopardizing an investigation or unduly delaying a trial." 18 U.S.C. § 2705(a).

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By: /s/ *Guy R. Cook*
Guy R. Cook, AT0001623
500 E. Court Ave., Ste. 200
Des Moines, IA 50309
Phone: 515/245-4300
Fax: 515/245-4452
gcook@grefesidney.com

Attorneys for Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by ECF/Electronic filing.

GREFE & SIDNEY, P.L.C.

By: /s/ *Guy R. Cook*
Guy R. Cook, AT0001623
500 E. Court Ave., Ste. 200
Des Moines, IA 50309
Phone: 515/245-4300
Fax: 515/245-4452
gcook@grefesidney.com

Attorneys for Google Inc.