IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JESSE R. BENTON,<br>JOHN M. TATE, and<br>DIMITRIOS N. KESARI, | Criminal No.: 4:15-CR-103<br><br>**DECLARATION OF JOHN R. TYLER IN SUPPORT OF GOOGLE, INC.'S RESISTANCE TO GOVERNMENT'S MOTION TO COMPEL IMMEDIATE PRODUCTION AND TO SHOW CAUSE WHY GOOGLE, INC. SHOULD NOT BE HELD IN CONTEMPT** |

I, John R. Tyler, declare and certify as follows.

1. I am an attorney with the law firm of Perkins Coie LLP in Seattle, Washington, and am one of the attorneys representing non-party Google Inc. in the above-entitled action. I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2. On August 11, 2015, I sent an email to Jonathan Kravis, Trial Attorney for the Public Integrity Section of the Department of Justice, regarding the order denying Mr. Benton's motion to quash in Case No. 4:14-mc-00036, Dkt No. 21. I explained that counsel for Mr. Benton informed Google that he intended to appeal the Court's order and file a concurrent motion staying Google's compliance. As a result, Google would await resolution of the motion to stay before producing any documents.

3. That same day, I received a voicemail from Mr. Kravis regarding this matter, which I have transcribed below:

> Hi Randy, it's Jonathan Kravis from the Public Integrity Section. I got your email about the search warrant for the Benton account. We're not going to accept that position from Google. Our view is that the Magistrate Judge decision is final and if you want a stay pending any request for further consideration by Mr. Benton from the District Court or the Court of Appeals or wherever, Mr. Benton either needs to file a motion to stay the execution of the warrant or Google needs to make an appearance in the case and

> request relief from the court. If Google does not start producing documents to the United States by tomorrow, we're going to file a motion to compel production of the documents with the court and we're going to file a motion for sanctions against Google until the documents are produced. I am out of the office at the moment but I'm available to discuss this with you anytime this evening. The best thing to do is shoot me an email when you are free and I'll call you back. Thanks very much.

I can provide a digital file of the voicemail to the Court upon request.

4. Mr. Kravis later followed up via email, in which he reiterated that a motion to stay would forestall a motion to compel or for contempt. I have attached a copy of our email correspondence as Exhibit A.

5. On August 12, 2015, Mr. Benton filed a Motion for Temporary Relief in Case NO. 4:14-mc-00036, Dkt. No. 22, asking this Court to stay Google's compliance with the search warrant. I promptly sent a letter to Mr. Kravis explaining that, per his voicemail from the day prior, Google understood "that Mr. Benton's motion forestalls any motion to compel or for contempt" and asked Mr. Kravis to "[p]lease let me know immediately if this understanding is not correct."

6. In the same letter, I asked Mr. Kravis to "correct the record as to how Mr. Benton came to be notified of the warrant." Noting that the warrant was "not accompanied by a nondisclosure order issued pursuant to 18 U.S.C. § 2705(b)," I explained that "Google informed the Government via email that its policy was to provide notice to the user unless the Government obtained a § 2705(b) order," and further that "FBI Special Agent Karen LoStracco responded that 'we do not have an objection'" to notifying Mr. Benton of the existence of the warrant. I further noted that "the delayed notice provisions of 18 U.S.C. § 3103(a) and 2705(a) apply to the Government, not Google, and do not substitute for a *§* 2705(b) nondisclosure order to a provider. Moreover, Google lawfully notified Mr. Benton only after Special Agent LoStracco expressly

told Google that it could do so." I closed by stating that Google "trust[s] that this omission was inadvertent and that you intend to correct the record on this point."

7. Attached as Exhibit B is a redacted copy of the letter and its enclosure. While I believe it is unlikely that any information in the letter concerns sensitive or nonpublic information regarding a Government investigation, I have redacted certain information out of an abundance of caution, given that this filing is not made under seal. I can supply the original, unredacted version to the Court upon request.

8. On August 13, 2015, I spoke with Mr. Kravis by telephone regarding this matter. Mr. Kravis informed me that notwithstanding Mr. Benton's Motion for Temporary Relief, the Government intended to file a motion to compel against Google. Mr. Kravis further indicated that the Government intended to file its motion with the District Court in Case No. 4:15-cr-0103, because the Government believed that the proceedings in Case No. 4:14-mc-00036 were improper.

**I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge. Executed in Seattle, Washington, on August 14, 2015.**

_____
John R. Tyler