IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Criminal No. 4:15-CR-103 |
| | ) |
| **JESSE R. BENTON** | ) |
| **JOHN M. TATE** | ) |
| **DIMITRIOS N. KESARI,** | ) **MOTION FOR SANCTIONS AND** |
| | ) **OTHER APPROPRIATE RELIEF** |
| **Defendant.** | ) |
| | ) |

**DIMITRIOS KESARI'S MOTION FOR SANCTIONS AND
OTHER RELIEF AND REQUEST FOR A HEARING**

Dimitrios Kesari and his co-defendants are being prosecuted by the Government because of their activities during the 2012 presidential campaign. In pursuing its case, however, the Government has abused its power and compromised Mr. Kesari's Constitutional right to a fair trial through the release of extrajudicial statements. Specifically, the Department of Justice published a press release that contains hyperbolic statements from government officials that violate this Court's rules regarding pretrial publicity. As such, Mr. Kesari respectfully requests that this Court sanction the Government and grant appropriate relief in order to protect Mr. Kesari's Constitutional rights and the restrictions on pretrial publicity set forth in Local Rule 57. Mr. Kesari requests oral argument on this motion.

## I. Background

Mr. Kesari is a longtime political activist and a leader of the "liberty movement." During the 2012 presidential campaign, he served as the deputy campaign manager for former congressman Ron Paul. As the deputy campaign manger, he had various responsibilities, including the recruitment of staff and consultants. To recruit staff members, Mr. Kesari would often rely on relationships built over time. One such relationship was with former Iowa State Senator Kent Sorenson. Mr. Sorenson approached Mr. Kesari about the possibility of joining the Paul Campaign as a sub-contractor—a relationship that is customary in campaigns and political consulting. Mr. Sorenson began working for the campaign shortly thereafter.

As a consultant, Mr. Sorenson traveled with the campaign, both in Iowa and in South Carolina. He participated in "robocalls," met with voters, and spoke on behalf of the campaign. Additionally, Mr. Sorenson was available to offer his advice to campaign officials on the best way to effectively sway voters in the days leading up to the Iowa caucuses and the South Carolina primary. Although Mr. Sorenson lied to the press about being compensated by the campaign, Mr. Kesari is innocent of any wrongdoing that occurred as a result of his recruitment of a campaign consultant. Nevertheless, the Government indicted Mr. Kesari and his co-defendants and even took the extraordinary step of attempting to execute an arrest warrant on Mr. Kesari who had previously

offered to surrender himself on a summons if the Government chose to pursue charges.[1]

Simultaneously to Mr. Kesari's arraignment, the Department of Justice issued a press release containing inflammatory statements by Assistant Attorney General Caldwell and Special Agent in Charge LeValley, in direct violation of Local Rule 57 of this Court. Exhibit A. In addition to the hyperbole aimed at influencing the jury pool, the statements contain information from the investigation that is not a matter of public record. A story containing some of the inflammatory quotes was published by the Des Moines Register. Exhibit B.

---

[1]   On numerous occasions undersigned counsel has approached the Government on behalf of Mr. Kesari and offered to voluntarily produce his client in court for arraignment.  Notably, this practice is customary in white-collar matters of this kind.  These requests were made in good faith in an effort to cooperate with the Department of Justice, and to alleviate the stress that the FBI's execution of an arrest warrant would undoubtedly have on Mr. Kesari's wife and three children.  The government never responded to the requests. Instead, at approximately 6:00 AM on August 4, 2015, the FBI attempted to execute a warrant on Mr. Kesari's home, when Mr. Kesari was not present. Nevertheless, the FBI officers entered the home and harassed and traumatized Mr. Kesari's young children.  The agents woke up Mr. Kesari's eleven year-old son with an un-holstered and loaded firearm. Mr. Kesari's fifteen year-old daughter was forced to stand outside of her home, on a busy road, in her underwear. During that time, the daughter repeatedly told agents that she was uncomfortable and pleaded with them to allow her to put on pants. The agents refused her requests. Later that day, the Government agreed to Mr. Kesari's request to self-report and at 9:00 AM on August 5, 2015, Mr. Kesari presented himself to the United States Marshall's Office of the Southern District of Iowa.  Thereafter, Mr. Kesari appeared before this Court and entered a plea of not guilty to all charges.  The Government asked neither for pretrial confinement nor that his pretrial release be secured by a bond.  There was no justifiable reason to harass Mr. Kesari's family by executing a warrant, especially in light of the fact that Mr. Kesari offered to self-report.

Upon learning of the release, counsel for Mr. Kesari emailed counsel for the Government and requested that the press release be removed from the Justice Department's website. Exhibit C. The Government refused. Exhibit D.

## II. Argument

The lawyers of the Department of Justice and the FBI are not above the law or the Rules of this Court. The Government should not be allowed to manipulate the criminal justice system with extrajudicial statements which jeopardize Mr. Kesari's constitutional right to a fair trial and violate the publicity restrictions set forth in Local Rule 57. Publishing the statements made by Assistant Attorney General Caldwell and Special Agent In Charge LeValley can only be construed as a conscious effort to sensationalize the Government's case and prejudice Mr. Kesari's ability to obtain a fair adjudication of this action.

The Due Process Clause of the Fifth and Fourteenth Amendment ensure that the Defendant is afforded a fair trial. The Sixth Amendment guarantees that in all criminal prosecutions, the Defendant shall enjoy the right to a trial "by an impartial jury." U.S. Cons. Amend. VI. The jurors who will weigh the evidence and make a determination of Mr. Kesari's guilt must be unbiased, i.e., willing to decide the case on the basis of the evidence presented. *See, Irvin v. Dowd*, 366 U.S. 717 (1961); *Groppi v. Wisconsin*, 400 U.S. 505 (1971).

In addition to the protection guaranteed to Mr. Kesari by the 6th Amendment, Local Rule 57 prohibits the release of information beyond what is included in the public records, including but not limited to any opinion as to

the merits or evidence of the case.

The hyperbole in the press release reads like a closing argument. With no shortage of moral superiority, the Government speaks of undermining "public confidence in our entire political system" and "undermining our electoral system" in a way that "deceives the public." The irony is that the very act of publically making these statements ignores the rules of this Court and the Defendants' constitutional right to a fair trial. ██████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

The authority to sanction attorneys under local rules emanates from the trial court's inherent power. This inherent authority flows from the very nature of a court, from strict functional necessity. Additionally, Congress has expressly granted to the various district courts the authority to promulgate rules governing its practice. Specifically, under Fed. R. Civ. P. 83 and in 28 U.S.C.S. § 2071, Congress provides authority to the federal courts to make local rules for the proper administration of judicial business. Section 2071 provides that the Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Under this provision, the federal courts may establish rules for the orderly processing of its docket provided that such rules are not repugnant to the laws of the United States.

Local Rule 57 is this Court's response to the United States Supreme Court's direction that the courts must take such steps by rule and regulation that will protect their processes from prejudicial outside influences.

The quotes contained in the Government's press release are exactly the types of statements that Local Rule 57 is designed to prevent. Indeed, the factual information contained in the statements cannot be found anywhere in the public record of this case. Instead, the Government attempts to eviscerate the protections of Local Rule 57 by publishing outrageous, inflammatory, and inaccurate hyperbole—much of which has nothing to do with the legal issues involved in this case.

The Government's press release has already had a pervasive impact and will continue to reach and influence an overwhelming number of potential jurors. Therefore, this Court must exercise its authority to protect the rights of the defendants of a fair trial before an impartial jury by prohibiting the future publication extrajudicial statements and disclosures that, if widely disseminated, would continue to threaten those rights and the integrity of the trial process.

Mr. Kesari seeks relief from this Court that will prevent the Government from making any further prejudicial statements that violate the restrictions set forth in Local Rule 57 and jeopardize his Constitutional right to a fair trial. The Government should be ordered to remove the press release, it should be prohibited from making any further statements regarding this litigation. Because the Government has poised the jury pool, the indictment should be

dismissed or venue should be changed to an appropriate forum. ▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Finally, Mr. Kesari should be granted his reasonable attorney's fees in brining this motion.

Dated: September 4, 2015

HARVEY & BINNALL, PLLC

/s/ Jesse R. Binnall
_____

Jesse R. Binnall
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 – facsimile
jbinnall@harveybinnall.com
*Counsel for Dimitri Kesari*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2015, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Jesse R. Binnall
_____

Jesse R. Binnall

dismissed or venue should be changed to an appropriate forum. ▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬ Finally, Mr. Kesari should be granted his reasonable attorney's fees in brining this motion.

Dated:  September 4, 2015

HARVEY & BINNALL, PLLC

/s/ Jesse R. Binnall
_____

Jesse R. Binnall
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 – facsimile
jbinnall@harveybinnall.com
*Counsel for Dimitri Kesari*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2015, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Jesse R. Binnall
_____

Jesse R. Binnall