IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:15-CR-103-JAJ-HCA |
| | ) | |
| JESSE R. BENTON, | ) | GOVERNMENT'S RESPONSE TO |
| JOHN TATE, and | ) | DEFENDANT BENTON'S COUNSEL'S |
| DIMITRIOS N. KESARI | ) | MOTION TO WITHDRAW AND |
| | ) | DEFENDANT BENTON'S MOTION TO |
| Defendants. | ) | CONTINUE TRIAL |

Trial is scheduled for February 8, 2016. The Government has a strong preference for proceeding as scheduled. On December 14, 2015, defendant Jesse Benton's attorneys moved to withdraw on the ground that defendant Benton had not fulfilled the terms of their representation agreement—*i.e.*, he had not paid them—and that continuing the representation posed a hardship to their law firm, Barnes & Thornburg. On January 8, 2016, defendant Benton filed a self-executed motion to continue in order to find a new attorney and afford that attorney time to prepare. Defendant Benton's attorneys have represented to the Government that substitute counsel is prepared to enter an appearance on January 13, 2016, but only if trial is continued. There is no representation on the record that defendant Benton is dissatisfied with his current attorney or that he lacks confidence in their ability to represent him. Indeed, there is not even a record representation that he wants to replace them.

While the Government acknowledges and defers to the Court's discretion to decide whether these circumstances warrant granting the withdrawal motion and attendant continuance, the Government submits that the Court would be well within its discretion to proceed as scheduled. Whether trial goes forward on February 8 or some other date, all three defendants should be tried together.

**I.     BACKGROUND**

On July 30, 2015, the Government filed the original indictment, in which defendant Benton was named as a defendant in in Counts One through Five (Dkt. 2). Approximately one week later, on August 7, defendant Benton's attorneys were granted leave to appear pro hac vice in the Southern District of Iowa (Dkt. 21). On October 9, the Court dismissed without prejudice Counts One through Four of the Indictment as to defendants Benton and John Tate (Dkts. 256, 257). Defendants Benton and Dimitri Kesari were subsequently tried. On October 22, the jury returned a verdict finding defendant Kesari guilty of Count Two and not guilty of Count Six; the jury hung on the remaining counts as to defendant Kesari (Dkt. 296). The jury found defendant Benton not guilty of Count Five (*id.*).

Following the verdict, the Court scheduled a telephonic status conference for November 3, 2015, with defendant Kesari, the only defendant then remaining in the case, to address whether the Government intended to re-try the case on the hung counts (Dkt. 306). The day before the status conference, the Government contacted attorneys for defendants Benton and Tate to inform them of our intent to obtain a superseding indictment reinstating the charges against them (Ex. 1). The Government informed the Court of that intention during the November 3 status conference (Dkt. 316). The Court scheduled defendant Kesari's retrial for December 14 and reserved February 8 and 16, 2016, for a trial of all defendants, in the event that a superseding indictment was in fact returned (Dkts. 316, 317 at 1, 329 at 1). The Government notified attorneys for defendants Benton and Tate that day of the Court's intention to set a February 8 or 16 trial date; neither voiced a scheduling objection (Ex. 2.)

Just over two weeks later, on November 19, the Superseding Indictment was filed (Dkt. 322). The next day, November 20, defendant Benton filed a self-executed waiver of his personal

appearance at the arraignment (Dkt. 329-1), which was subsequently held on December 2 (Dkt. 343). On December 3, this Court held a telephonic motions hearing and status conference, at which time it denied defendant Kesari's request for severance and to proceed to trial on December 14 and confirmed that trial would commence on February 8, 2016 (Dkts. 349, 350). Defendant Benton's attorneys did not object to that date on the basis of their availability.

On December 14, 2015, defendant Benton's attorneys moved to withdraw, because "Mr. Benton has been unable to substantially fulfill the terms of our engagement and the continued representation of Mr. Benton would present an unreasonable burden upon [their law firm,] Barnes & Thornburg" (Dkt. 351 at 1). It appears, in other words, that defendant Benton is in a fee dispute of some sort with Barnes & Thornburg. During a telephonic status conference on December 21, the Government, along with defendants Tate and Kesari, interposed no objection to the the attorneys withdrawing, on the condition that it not interrupt the February 8, 2016, trial date (Dkt. 359). The Court inquired whether defendant Benton's attorneys would accept a Criminal Justice Act (CJA) appointment to represent defendant Benton (Dkt. 359). After consulting with management at Barnes & Thornburg, defendant Benton's attorneys informed the Court that, "even with the limited CJA funds, it would still be a hardship for Barnes & Thornburg to continue to represent Mr. Benton at his upcoming trial in February 2016" (Ex. 3).

Subsequently, the Court issued an order directing that any substitute counsel enter an appearance by December 31, 2015, and certify awareness of the trial date, at which time the withdrawal motion would be granted (Dkt. 371). On December 31, defendant Benton sought an extension of the time for a new attorney to enter an appearance until January 7, 2016 (Dkt. 376), which the Court granted (Dkt. 377). In that pleading, defendant Benton's attorneys, for the very first time, represented that they could not be ready for a February trial date "[d]ue to the

3

circumstances surrounding counsel's motion for withdrawal and counsel's current client commitments in January 2016 . . . ," and proposed severing defendant Benton to preserve the February 8 trial date for defendants Tate and Kesari (Dkt. 376 at 1). The pleading filed by defendant Benton's attorneys does not identify the circumstances or client commitments they claim pose a conflict (*see id.*). Finally, on January 8, 2016, defendant Benton filed a self-executed "Speedy Trial Waiver and Motion for Continuance of Trial," in order "to allow [him] time to retain new counsel; and, to provide new counsel adequate time to prepare [his defense] . . ." (Dkt. 387 at 1). The Court has scheduled a telephonic status conference on January 13 to address defendant Benton's request (Dkt. 388).

Based on a phone conversation with one of defendant Benton's attorneys on January 8, 2016, the Government understands that defendant Benton has secured substitute counsel who will attend the January 13 telephonic status conference and who is prepared to enter an appearance, on the condition that trial is continued, preferably until April. Assuming that condition is firm, the withdrawal and continuance motions are inextricably linked—granting defendant Benton's attorneys' request to withdraw necessitates continuing the trial, and keeping the February 8 trial date intact necessitates denying the request to withdraw.

There is no representation on the record that defendant Benton is dissatisfied with his current attorneys or even that he wants to replace them. The only record representation is that defendant Benton's attorneys wish to withdraw because it would present a hardship to Barnes & Thornburg for them to continue in their representation.

## II. DISCUSSION

"Whether to grant a continuance and substitution of counsel is a matter committed to the sound discretion of the district court." *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)

4

(citation omitted). "[T]he district court must balance the defendant's right to counsel of his choice and the public's interest in prompt and efficient administration of justice." *Id.* (internal quotations omitted); *see also Nerison v. Solem*, 715 F.2d 415, 417 (8th Cir. 1983) (explaining that the Sixth Amendment's guarantee of effective assistance of counsel encompasses "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances"). There is "no right under the Constitution to insist that [a] trial be held in abeyance while [a defendant] replace[s] a competent attorney with another, particularly where the possibility of obtaining another [is] uncertain." *Martin v. United States*, 691 F.2d 1235, 1241 (8th Cir. 1982) (citation omitted). A defendant's affirmative request for new counsel requires "show[ing] justifiable dissatisfaction with his current representation," which "can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation, but it is not established merely by a defendant's frustration with counsel's performance or disagreement with his tactical decisions." *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006) (citations omitted).

Here, the only reason in the record for why defendant Benton's attorneys want to withdraw is that there is a fee dispute of some sort. They have represented that, even if compensated at the CJA rate, continuing in their representation would pose a burden to Barnes & Thornburg. Although the Iowa Rules of Professional Conduct allow defendant Benton's attorneys to seek leave to withdraw based on a fee-related dispute, *see* Iowa R. Prof. Cond. 32:1.16(b)(5)-(6) (allowing attorneys to request to withdraw where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client"), the

Court need not it accept that basis where it is the only one presented. *Cf. United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997) (declining to find conflict of interest arising from fee dispute and observing that, "we never have held that failure to pay fees or an attorney's motion to withdraw for his client's failure to pay, without more, gives rise to a conflict of interest . . .").

Weighing heavily against the burden that Barnes & Thornburg claims it would face, are the facts that: (1) the potential for a February 8 trial has been known to all counsel since November 3, 2015, and was formally scheduled on December 3, more than two months in advance; (2) no attorney of record objected to the February 8 trial on scheduling grounds; (3) defendants Kesari and Tate have filed their dispositive motions; (4) defendant Benton's attorneys represented him in the first trial of this matter and therefore have a strong grasp of the factual and legal issues at play—in fact, the trial in which they represented defendant Benton ended in an acquittal on the only count with which he was charged; and (5) there is absolutely no record that defendant Benton is justifiably dissatisfied—or dissatisfied at all—with his attorneys.

Under the circumstances, the Court would be well within its discretion to deny the withdrawal motion so that trial can go forward as scheduled. *See United States v. Leach*, 429 F.2d 956, 963 (8th Cir. 1970) (affirming district court's denial of continuance and withdrawal motions lodged on the day of trial based on client's dissatisfaction with attorney, where, "[c]ounsel had represented defendant for almost three months with no indication that defendant was dissatisfied with his services until the Saturday before the trial was to commence the following Monday"; and "[t]he case had previously been tried almost to conclusion and had ended in a mistrial"); *see also United States v. Comans*, 425 Fed. Appx. 611, 613, 2011 WL 118704, *2 (9th Cir. March 3, 2011) (affirming district court's discretion in denying withdrawal and continuance motions, where, among other factors, "the district court found that the delay of retrial was unjustified because the

motion to withdraw was motivated by fee issues and Comans's desire to delay retrial . . .") (unpublished).

III. **CONCLUSION**

The Government has a strong preference for and interest in going forward with the February 8, 2016, trial date. The only impediment to that trial date is Barnes & Thornburg's claimed hardship at their attorneys continuing in the representation of defendant Benton in the face of an apparent fee dispute. Absent any justifiable dissatisfaction by defendant Benton with his attorneys, a fee dispute standing alone should not interrupt the schedule of a multi-defendant trial with a relatively long-standing trial date. Under the circumstances, it is well within the bounds of the Court's discretionary authority to deny the withdrawal motion and move ahead with trial on February 8.[1]

            Respectfully submitted,

            RAYMOND N. HULSER
            Chief, Public Integrity Section

       By:  /s/ J.P. Cooney
            Richard C. Pilger
            Director, Election Crimes Branch
            J.P. Cooney
            Deputy Chief
            Public Integrity Section
            Criminal Division
            United States Department of Justice

---

[1] Should the Court determine that the circumstances warrant granting defendant Benton's request for a continuance, all three defendants should still be tried together. First, this Court has already denied two attempts by the defendants to sever their trials (Dkt. 254, 265, 349). *See, e.g.*, *United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir. 1997) (explaining that the presumption favoring joint trials is "especially compelling when the defendants are charged as coconspirators"). Second, the interest in a joint trial is sufficient cause to exclude a continuance from the Speedy Trial Act, 18 U.S.C. § 3161. *See United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) (noting that "exclusions of time attributable to one defendant apply to all codefendants"). Moreover, defendant Tate has already revised his December 21, 2015, opposition to a continuance to represent that he does not oppose the current request (Dkt. 399).

Criminal Division
Tel. (202) 514-1412 (office)
Fax: (202) 514-3003
Email:  richard.pilger@usdoj.gov
joseph.cooney2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  _____Fax  \_\_\_\_\_Hand Delivery

  X  ECF/Electronic filing       \_\_\_\_Other means

RAYMOND N. HULSER
Chief, Public Integrity Section

By:     /s/  J.P. Cooney
        Richard C. Pilger
        Director, Election Crimes Branch
        J.P. Cooney
        Deputy Chief
        Public Integrity Section
        Criminal Division
        United States Department of Justice