IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,   :
                            :
        Plaintiff,          :   Criminal No. 4:15-103
                            :
    vs.                     :
                            :
JESSE R. BENTON,            :   TRANSCRIPT OF TRIAL
JOHN FREDERICK TATE, and    :        VOLUME VIII
DIMITRIOS N. KESARI,        :
                            :
        Defendants.         :
- - - - - - - - - - - - - - -X

                                       Second Floor Courtroom
                                       United States Courthouse
                                       123 East Walnut Street
                                       Des Moines, Iowa  50309
                                       Thursday, May 5, 2016
                                       11:07 a.m.

BEFORE:   THE HONORABLE JOHN A. JARVEY, Chief Judge, and a Jury.

                              Terri L. Martin, CSR, RPR, CRR
                              United States Court Reporter
                               Room 189, U.S. Courthouse
                               123 East Walnut Street
                               Des Moines, Iowa  50309

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | JOSEPH P. COONEY, ESQ.<br>RICHARD C. PILGER, ESQ.<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue NW<br>Suite 12100<br>Washington, D.C.  20005 |
| For Defendant Benton: | ANGELA L. CAMPBELL, JR., ESQ.<br>Dickey & Campbell Law Firm<br>301 East Walnut, Suite 1<br>Des Moines, Iowa  50309 |
| For Defendant Tate: | DAVID A. WARRINGTON, ESQ.<br>LAURIN H. MILLS, ESQ.<br>LeClair Ryan<br>2318 Mill Road, Suite 1100<br>Alexandria, Virginia  22314 |
| For Defendant Kesari: | JESSE R. BINNALL, ESQ.<br>Harvey & Binnall<br>717 King Street<br>Suite 300<br>Alexandria, Virginia  22314 |

```
 1                    P R O C E E D I N G S
 2              (In open court, out of the presence of the jury.)
 3              THE COURT:  So the jury had a question.  You saw the
 4   question.  I drafted a proposed answer to it, not to say that's
 5   necessarily what we're going to do, but just to further the
 6   discussion.
 7              What did you think?
 8              MS. CAMPBELL:  I like what you've done, Judge.  I
 9   wonder if their question might also be explaining the aggregate
10   part, so I had written out maybe you add also, "You could not
11   find this element satisfied unless the reports that are
12   unanimously determined to be false totaled $25,000."
13              THE COURT:  I could put the word "totally" in
14   parentheses after the word "aggregating."
15              MS. CAMPBELL:  That's fine.
16              THE COURT:  Okay.  What is your thought?
17              MR. BINNALL:  We're fine with that, Your Honor.
18              MR. WARRINGTON:  Your Honor, we're okay with that.
19              THE COURT:  Mr. Pilger?
20              MR. PILGER:  We have a suggestion, Your Honor.  I
21   think that they're hung up on the word "aggregating."  To get
22   the words "add up" included in it, we wrote, "Count 3, the
23   government contends that the defendant caused over $25,000 to be
24   falsely reported" --
25              THE COURT REPORTER:  Excuse me.  Could you speak up?
```

1          THE COURT: I couldn't hear. What specifically do you
2    recommend that you don't like?
3          MR. PILGER: We would like this sentence in
4    particular: "You must unanimously agree on which reports add up
5    to at least 25,000," in case they're not understanding
6    aggregating.
7          THE COURT: Okay. Thank you.
8          I'm going to use my proposal here, and after the word
9    "aggregating," I'm going to put in parentheses "totaling," and
10   I'll send that. These are hard because you don't know -- when
11   they say, please clarify, you don't know what they're thinking.
12   So you just send something back, and I usually don't solicit
13   more questions because they know how to ask them. I could say,
14   we don't understand what you want clarification on, but that
15   would ask for more. Let's just send this back and see what
16   happens.
17         MR. PILGER: Your Honor, I think you might consider,
18   Your Honor, clarifying then they shouldn't talk about any of
19   their splits. I know that in your instructions as I listened to
20   you read them, I didn't hear it read aloud. You might have
21   skipped a line.
22         MR. BINNALL: I heard it read aloud, Judge.
23         MR. WARRINGTON: We heard it.
24         THE COURT: Yeah, okay.
25         Thank you.

1                (Recess at 11:10 a.m., until 11:40 a.m.)

2                (In open court, in the presence of the jury.)

3                THE COURT:  Please be seated.

4                Sir, I take it that because you're holding the verdict
5    form that you must be the foreperson?

6                FOREPERSON CHAPMAN:  Yes.

7                THE COURT:  Has the jury reached a unanimous verdict
8    as to each defendant as to each count?

9                FOREPERSON CHAPMAN:  Yes.

10               THE COURT:  Ms. Clerk, please retrieve the verdict
11   form from the foreperson.

12               In the matter of the United States of America versus
13   Jesse R. Benton.  With regard to the crime of conspiracy, as
14   charged in Count 1 of the indictment, we, the jury, find the
15   defendant, Jesse R. Benton, guilty.

16               When asked whether or not these were objects of the
17   conspiracy, all three objects were checked.

18               Count 2, with regard to the crime of causing false
19   records, as charged in Count 2, we, the jury, find the
20   defendant, Jesse R. Benton, guilty.

21               With regard to the crime charged in Count 3 of the
22   indictment, we, the jury, find the defendant, Jesse R. Benton,
23   guilty.

24               With respect to the crime charged in Count 4 of the
25   indictment, we, the jury, find the defendant, Jesse R. Benton,

1  guilty.
2              In the matter of United States versus John F. Tate.
3  With regard to the crime of conspiracy, as charged in Count 1 of
4  the indictment, we, the jury, find the defendant, John F. Tate,
5  guilty.  All three objects of the conspiracy were checked.
6              Count 2, we, the jury, find the defendant, John F.
7  Tate, guilty.
8              Count 3, with regard to the crime charged in Count 3,
9  we, the jury, find the defendant, John F. Tate, guilty.
10             Count 4, with regard to the crime charged in Count 4,
11 we, the jury, find the defendant, John F. Tate, guilty.
12             In the United States versus Dimitrios N. Kesari, with
13 regard to the crime of conspiracy, as charged in Count 1 of the
14 indictment, we, the jury, find the defendant, Dimitrios N.
15 Kesari, guilty.  All three objects of the conspiracy were
16 checked.
17             Count 3, with regard to the crime charged in Count 3
18 of the indictment, we, the jury, find the defendant,
19 Dimitrios N. Kesari, guilty.
20             Count 4, with regard to the crime charged in Count 4
21 of the indictment, we, the jury, find the defendant,
22 Dimitrios N. Kesari, guilty.
23             The verdict form is signed by the foreperson and by
24 all 11 other jurors.  The Clerk of Court shall file it and make
25 it available for public inspection.

1          Do any of the jurors wish to have -- or the defendants
2    wish to have the jurors polled?
3          MS. CAMPBELL:  Yes, Your Honor.
4          MR. BINNALL:  Yes, Your Honor.
5          THE COURT:  We'll begin with the back row.
6          Sir, are these your verdicts?
7          JUROR PECK:  Yes, sir.
8          THE COURT:  Sir, are these your verdicts?
9          JUROR GALE:  Yes.
10         THE COURT:  Sir, are these your verdicts?
11         JUROR FOLKERS:  Yes.
12         THE COURT:  Sir, are these your verdicts?
13         JUROR HAMMER:  Yes.
14         THE COURT:  Sir, are these your verdicts?
15         FOREPERSON CHAPMAN:  Yes.
16         THE COURT:  Sir, are these your verdicts?
17         JUROR SCALES:  Yes.
18         THE COURT:  Ma'am, are these your verdicts?
19         JUROR KITT:  Yes.
20         THE COURT:  Ma'am, are these your verdicts?
21         JUROR LALLIER:  Yes.
22         THE COURT:  Ma'am, are these your verdicts?
23         JUROR BIRLINGMAIR:  Yes, Your Honor.
24         THE COURT:  Sir, are these your verdicts?
25         JUROR KARSJENS:  Yes.

1  THE COURT: Ma'am, are these your verdicts?

2  JUROR GORMAN: Yes, Your Honor.

3  THE COURT: Sir, are these your verdicts?

4  JUROR WARES: Yes, Your Honor.

5  THE COURT: Anything further?

6  Members of the jury, on behalf of the court for the
7  Southern District of Iowa, I do wish to thank you for your
8  service in this matter. As I said when I excused the alternate
9  jurors, that through your service in this case, you have truly
10 lived out our United States Constitution and perhaps our most
11 tangible form of self-government. You know, when our
12 forefathers established the Constitution of this country, it was
13 clear from the Sixth Amendment that we weren't going to have a
14 king or a president or a judge in a black robe deciding these
15 cases but rather people selected at random from the community.
16 And for that service, again, I thank you.

17 I would like to thank you, too, just a little bit more
18 personally in the jury room, maybe answer any questions you
19 might have and talk about any other matters of concern to you
20 before you leave. It will take ten or fifteen minutes at most,
21 but I would like to do that. So if you would just wait in the
22 jury room for one minute, I have a little piece of business I
23 need to do with the parties here, and then I'll be with you.

24 You're excused.

25 (In open court, out of the presence of the jury.)

1          THE COURT:  Please be seated.
2          Does the government have any objection to continuation
3   of bond under the same terms and conditions previously imposed?
4          MR. PILGER:  No objection.
5          THE COURT:  All three defendants are released on the
6   same terms and conditions of release as previously imposed.
7          I will send out an order for preparation of a
8   presentence report in each of these cases and set the case for
9   sentencing.  Obviously, you'll know the deadlines for filing of
10  postjudgment motions.
11         Do you have anything else, Mr. Pilger?
12         MR. PILGER:  No, Your Honor.
13         THE COURT:  Ms. Campbell?
14         MS. CAMPBELL:  No, Your Honor.
15         THE COURT:  Mr. Binnall?
16         MR. BINNALL:  Your Honor, as far as the jury
17  instructions, you said the day after trial.  Do you want those
18  at the end of the day today or at the end of the day tomorrow?
19         THE COURT:  Either one is fine.
20         MR. BINNALL:  Thank you, Your Honor.
21         THE COURT:  Mr. Warrington?
22         MR. WARRINGTON:  Nothing, Your Honor.
23         THE COURT:  Okay.  We're in recess.
24         Thank you.
25         (Proceedings concluded at 11:48 a.m.)

C E R T I F I C A T E

I, the undersigned, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that I acted as the official court reporter at the hearing in the above-entitled matter at the time and place indicated.

That I took in shorthand all of the proceedings had at the said time and place and that said shorthand notes were reduced to computer transcription under my direction and supervision, and that the foregoing computer transcription pages are a full and complete transcript of the shorthand notes so taken.

Dated at Des Moines, Iowa, this 10th day of November, 2016.

/s/ Terri L. Martin
CERTIFIED SHORTHAND REPORTER