IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,      :
                               :
        Plaintiff,           :    Criminal No. 4:15-103
                               :
    vs.                      :
                               :
JOHN FREDERICK TATE,           :    TRANSCRIPT OF SENTENCING
                               :
        Defendant.           :
- - - - - - - - - - - - - - -X

                             Second Floor Courtroom
                             United States Courthouse
                             123 East Walnut Street
                             Des Moines, Iowa 50309
                             Tuesday, September 20, 2016
                             3:03 p.m.

BEFORE: THE HONORABLE JOHN A. JARVEY, Chief Judge.

APPEARANCES:

For the Plaintiff:          JOSEPH P. COONEY, ESQ.
                                  RICHARD C. PILGER, ESQ.
                                  Public Integrity Section
                                  Criminal Division
                                  U.S. Department of Justice
                                  1400 New York Avenue NW
                                  Suite 12100
                                  Washington, D.C. 20005

For the Defendant:         LAURIN H. MILLS, ESQ.
                                  DAVID A. WARRINGTON, ESQ.
                                  LeClair Ryan
                                  2318 Mill Road, Suite 1100
                                  Alexandria, Virginia 22314

                   Terri L. Martin, CSR, RPR, CRR
                    United States Court Reporter
                      Room 189, U.S. Courthouse
                        123 East Walnut Street
                         Des Moines, Iowa 50309

P R O C E E D I N G S

(In open court, with defendant present, and Mr. Warrington via telephone.)

THE COURT: Please be seated.

We're here in the matter of the United States of America versus John Tate. It's Case 4:15-cr-103. Mr. Tate is before the court for sentencing. He was found guilty on May 5th of 2016 of Counts 1 through 4 of the November 19, 2015 superseding indictment. He's present. He's represented by Laurin Mills. The government is represented by Richard Pilger and Joseph Cooney.

In preparation for sentencing here, I've reviewed the presentence report in its entirety. I've also received sentencing memoranda from both the government and the defendant. There were numerous letters submitted in support of the defendant.

We have the same guideline issues in play in this case as we did for United States versus Benton which preceded us here by a couple hours.

Mr. Pilger, did you want to make argument on the sentencing guideline issues?

MR. PILGER: Mr. Cooney will argue, Your Honor.

MR. COONEY: Your Honor, we have nothing to add to our papers and what Mr. Pilger already argued in the prior sentencing hearing, so to that extent we want to adopt those.

1  If there are new arguments or issues raised by Mr. Tate, of
2  course, we would like an opportunity to respond to them, but --
3              THE COURT:  Yes.
4              MR. COONEY:  But I think we can rest on the record.
5              THE COURT:  Thank you.
6          Mr. Mills?
7          And the record should also reflect that his attorney,
8  Mr. Warrington, is appearing by phone.
9          Can you hear us okay, Mr. Warrington?
10             MR. WARRINGTON:  Yes, I can, Your Honor.
11         Thank you.
12             THE COURT:  Thank you.
13         Go ahead, Mr. Mills.
14             MR. MILLS:  Good afternoon, Your Honor.
15             THE COURT:  Good afternoon.
16             MR. MILLS:  Your Honor, I was here earlier this
17 afternoon for Mr. Benton's sentencing, and I heard your
18 analysis, and unless for some reason that you think there's a
19 distinction between Mr. Tate and Mr. Benton in that analysis or
20 have some question about that, otherwise, we'll rest on our
21 papers.
22             THE COURT:  No, I don't think there is.
23         I find that he has a total offense level of 16, a
24 criminal history category of I for all of the reasons set forth
25 on the record in United States versus Jesse Benton earlier this

1 afternoon.

2 I would hear first from you, Mr. Mills, then from
3 Mr. Tate, and then from Mr. Pilger or Mr. Cooney before imposing
4 sentence.

5 MR. MILLS: Your Honor, I was dreading this day for a
6 long time and for a whole lot of different reasons, both
7 personal and professional; but I just would like to make two
8 brief points.

9 One is in response to something Mr. Pilger said
10 earlier today. Mr. Tate and the other defendants in this case
11 have spent their whole life in politics, and that's rare.
12 Politics is a tough business, and it's hard to find people who
13 are willing to devote a career to that. And you overlay that
14 with the regulatory regime and fast-paced nature of that
15 business and all of the decisions that they have to make in a
16 50-state campaign, mistakes can be made. And I'm not trying to
17 excuse them at all; just draw that out. And criminalizing
18 people who can make mistakes, you know, we didn't traditionally
19 do that in this country. We've done it in recent years. And,
20 again, I don't want to minimize it; just point out the reality
21 of that.

22 And the other reality -- and I've been looking for the
23 right word for this to describe what has happened to Mr. Tate
24 and his family as a result of this prosecution, and the best
25 word I could come up with is flattened. He and his family have

been absolutely flattened by what has happened, professionally, personally, every way that you can punish them.

And you -- I'm not -- I listened to your analysis this afternoon, and I think that you showed appropriate mercy, and I ask you, the court, to show appropriate mercy on Mr. Tate.

Thank you, Your Honor.

THE COURT: Mr. Tate, is there something you would like to say before sentence is imposed?

THE DEFENDANT: Yes, just briefly.

THE COURT: Could you pull that microphone just a little closer?

Thank you.

THE DEFENDANT: Just briefly, Your Honor.

I am aware of what happened with Mr. Benton and what you did there, and I would just simply ask for similar mercy from you for myself and my family.

Thank you.

THE COURT: Thank you.

Mr. Cooney.

MR. COONEY: On behalf of the United States, Your Honor, I would just add a few things. I, obviously, was also present for the last sentencing hearing, and I adopt all of the arguments that Mr. Pilger made in his allocution.

John Tate and his co-defendants did a very unsavory thing. They paid a political leader who had a great wealth of

support in Iowa for his endorsement.  They paid him to cause him to abandon one political campaign and move to another on the eve of the Iowa caucuses.  That unsavory thing is not a crime.  That unsavory thing is one of the costs of politics.  It is one of the things that happens.

But what made it a crime in this particular case was the coverup, the concealment efforts that they engaged in after the fact.  The crime was keeping this a secret from the voters of Iowa and the general public in the manner that they did by falsifying campaign records and lying to the FEC.  And what aggravates that offense is that they weaponized the FEC to achieve their aim of concealment, to not have to tell Iowa voters that were paying Kent Sorenson for his support, and that is clear from what I think was some of the strongest and most compelling evidence in this case, and it was the events of December 28th and December 29th, 2011, in particular, when John Tate and his co-defendants issued a press release from the Paul Campaign telling the public to look at the FEC reports in denying that they were paying Kent Sorenson for his endorsement.  "Check the FEC reports," that press release said, and then they told Kent Sorenson to go on national TV, on Fox.  We played it here in court and he testified here about his interview on CNN as well where he challenged the public to check the reports.  And within minutes or hours of that press release and those appearances on Fox and CNN, John Tate writes the e-mail, "Wipe

it off the books."

These defendants knew exactly what they were doing from the moment that they hatched the plan to conceal the payments. They knew that they were going to have to falsify campaign records. They knew that they were going to have to lie to the FEC; but what they also knew, because of their career in politics and all the time that they spent in it, because of their engagement in the process that Mr. Mills just described, they knew that they could use the FEC as a weapon to protect them, to protect the campaign, and to commit the fraud on the Iowa voters that they set out to do when they outright lied about whether they were paying Kent Sorenson.

That is a serious crime. That's a crime that denigrates the electoral process. That is a crime that violates our democratic system of electing leaders, and that is not a regulatory offense. That is an offense on the democratic system. It's an offense that merits serious punishment.

Finally, I'll also respond to the argument that was made and I think that I just actually did respond to it about mistakes can be made. This crime was not the product of a fast-moving environment. This crime was not a product of difficult or complicated regulations. This crime was calculated. This wasn't a mistake. This crime was committed right there. It was hatched on December 28, 29, wipe it off the books, check the FEC records, they'll back us up.

1    That's not a mistake.  That's a deliberate offense.

2    Just now in their sentencing papers Mr. Tate makes an
3 argument about all that he has suffered through this prosecution
4 and all that his family has suffered, and I don't dispute any of
5 that.  The government does not dispute that his family has
6 suffered and that this has been a difficult process.  That
7 distinguishes him from other federal defendants in no way
8 whatsoever, whether they stand before this court as defendants
9 in a murder case, a kidnapping case, a drug case, a mortgage
10 fraud case, or anything else.  All defendants and all their
11 families suffer.  That is part of this process and that is
12 incorporated into our system of punishment and our guidelines.

13    Mr. Tate nor his co-defendants have not suffered
14 nearly as much as our representative system of government from
15 the nature of the offense they committed and from the nature of
16 offenses like the ones that they committed.

17    The probationary sentence that Mr. Tate requests in
18 this case threatens to shatter the confidence of the public in
19 the criminal justice system to protect our system of government
20 from offenses like the ones that he committed.  He should be
21 sentenced to a guideline sentence of 27 months.

22    THE COURT:  Thank you.

23    In fashioning an appropriate sentence, I have
24 considered each of the factors found in Title 18, United States
25 Code, Section 3553(a).

             Among those factors are the seriousness of the
offense.  The offense is serious for the reasons I've already
articulated, mostly because the regulatory scheme here is
designed to create the transparency that makes this American
government distinguishable from others.  It distinguishes us
from Latin American countries, from Eastern European countries,
from Commons countries.  It is probably the best thing about our
government, and that's why any offense against it becomes a
serious offense.
             A mistake to me is when my wife asks me to bring home
skim milk and I get whole milk, and that's a mistake.  This was
a very calculated scheme from the beginning, and it continued
on.  I just don't see the word "mistake" being appropriate here.
             Nothing about this sentence is intended to diminish my
respect for the decision to prosecute here or the high quality
work of the FBI or the Justice Department.
             I've considered the question of just punishment, the
need for adequate deterrence to criminal conduct, the need to
protect the public from further crimes, to promote respect for
the law.  I've looked to the sentencing guidelines as an
important though not in any way controlling factor to be
considered.  And I've weighed heavily the need to avoid
unwarranted sentencing disparity of defendants with similar
records or lack of it who have been found guilty of similar
conduct.

1  I conclude that the following sentence is sufficient
2 but not greater than necessary to address the essential
3 sentencing considerations.
4  It is the judgment of the court that John Frederick
5 Tate is sentenced to two years probation on each of Counts 1
6 through 4, those terms to run concurrent, meaning at the same
7 time.
8  While on probation you shall not commit another
9 federal, state, or local crime.  You shall not possess a firearm
10 or destructive device.  You shall not illegally possess a
11 controlled substance.  We'll waive the drug testing requirement.
12  You shall comply with all of the standard conditions
13 of supervision as set forth by the Sentencing Commission, plus
14 the special conditions, to include the search condition found in
15 the presentence report, six months of home confinement with
16 electronic monitoring under the standard language and conditions
17 in this district, 80 hours per year of community service, and a
18 $10,000 fine.  You are ordered to pay a $400 special assessment.
19 The fine and assessment are due and payable with interest to the
20 Clerk of Court.
21  You have a right to take an immediate appeal from this
22 judgment.  Any appeal has to be filed within 14 days from today.
23  Mr. Mills, do you have anything else?
24  MR. MILLS:  Nothing, Your Honor.
25  Thank you.

1  THE COURT: Mr. Cooney?
2  MR. COONEY: Nothing, Your Honor.
3  THE COURT: We're in recess.
4  (Proceedings concluded at 3:17 p.m.)

12
1                    C E R T I F I C A T E

2              I, the undersigned, a Certified Shorthand Reporter of

3    the State of Iowa, do hereby certify that I acted as the

4    official court reporter at the hearing in the above-entitled

5    matter at the time and place indicated.

6              That I took in shorthand all of the proceedings had at

7    the said time and place and that said shorthand notes were

8    reduced to computer transcription under my direction and

9    supervision, and that the foregoing computer transcription pages

10   are a full and complete transcript of the shorthand notes so

11   taken.

12             Dated at Des Moines, Iowa, this 1st day of November,

13   2016.

14

15

16

17                          /s/ Terri L. Martin
                            CERTIFIED SHORTHAND REPORTER
18

19

20

21

22

23

24

25